CLD-043                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4540
_____

HOWARD WASHINGTON WOOD,
                                                            Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                                            Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A035-605-271)
Immigration Judge:  Honorable Charles M. Honeyman

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 5, 2015
Before:  FISHER, JORDAN and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 18, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se petitioner Howard Washington Wood petitions for review of the order of the Board of Immigration Appeals (BIA) denying his motion to reopen. The Government has filed a motion for summary disposition, arguing that Wood's case presents no substantial question. We will grant the Government's motion and deny the petition for review in part and dismiss it in part.

Wood is a citizen of Jamaica. He entered the United States in 1978. In 1994, Wood pleaded guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine and 50 grams or more of cocaine base in violation of 21 U.S.C. § 846, and he was sentenced to life imprisonment. See United States v. Wood, 48 F.3d 530 (5th Cir. 1995).[1] In 2000, the INS charged Wood with being removable because he had been convicted of an aggravated felony. See 8 U.S.C. § 1227(a)(2)(A)(iii).

Wood appeared before an Immigration Judge (IJ), who found him removable as charged. Citing the Supreme Court's then-recent decision in INS v. St. Cyr, 533 U.S. 289 (2001), the IJ specifically concluded that Wood was not eligible for discretionary relief under the version of § 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c), that was in force at the time he pleaded guilty because he had served more than five years in prison. See Immigration Act of 1990, Pub. L. No. 101–649, § 511(a), 104 Stat. 4978 (amending § 212(c) to render it inapplicable to "an alien who has been convicted of an aggravated felony and has served a term of imprisonment of at least 5

---

[1] It appears that Wood's sentence has recently been reduced to 262 months'

years"). Wood appealed to the Board of Immigration Appeals (BIA), which affirmed without issuing an opinion.

In 2014, Wood filed a motion to reopen with the BIA. He argued that his proceedings before the IJ had been fundamentally unfair because the IJ had not provided him with an opportunity to seek discretionary relief based on pre-1996 versions of the immigration laws. See generally St. Cyr, 533 U.S. at 297 (discussing the changes to the immigration laws wrought by the Antiterrorism and Effective Death Penalty Act of 1996 and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA)). The BIA denied the motion to reopen. The BIA first concluded that the motion was untimely. Moreover, the BIA concluded that the "motion does not demonstrate an exceptional situation that would warrant the exercise of our discretion to reopen these proceedings under our sua sponte authority." A.R. at 2. Wood filed a timely petition for review, and has asked the Court to stay his removal. The Government has filed a motion for summary action.

We have jurisdiction under 8 U.S.C. § 1252(a)(1). We review a denial of a motion to reopen for abuse of discretion, and will not disturb the BIA's decision "unless it is 'arbitrary, irrational, or contrary to law.'" Pllumi v. Att'y Gen., 642 F.3d 155, 158 (3d Cir. 2011) (quoting Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006)).

imprisonment.

3

As the BIA concluded, Wood's motion was plainly untimely.  A motion to reopen must generally be filed within 90 days of the removal order, see 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2), and Wood filed the motion at issue here more than a decade after the BIA entered the final order in his case.  There are various exceptions to this deadline — including (1) in certain circumstances if the order was entered in absentia, 8 C.F.R. § 1003.2(c)(3)(i); (2) if the motion is filed for the purpose of applying "for asylum or withholding of deportation based on changed country conditions," § 1003.2(c)(3)(ii); (3) if the motion is jointly filed by the parties, § 1003.2(c)(3)(iii); or (4) if the Government files the motion, § 1003.2(c)(3)(iv) — but none of those exceptions applies here.  Therefore, the BIA did not err in concluding that the motion was time-barred.

Moreover, we generally lack jurisdiction to review the BIA's decision declining to exercise its discretion to reopen the case.  See Calle–Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir. 2003).  We have recognized two exceptions: we may consider whether the BIA's decision "is based on a false legal premise," Pllumi, 642 F.3d at 160, or whether the BIA has "restricted the exercise of its discretion by establishing a 'general policy' of reopening sua sponte" under specific circumstances, Cruz v. Att'y Gen., 452 F.3d 240, 249 (3d Cir. 2006).  Neither exception applies here.  The BIA did not rely on a false legal premise, and Wood has not established that the BIA maintains a "general policy" of reopening sua sponte when aliens seek to advance previously available legal arguments

4

more than ten years after the removal order was issued.[2]  We thus lack jurisdiction to review the BIA's refusal to reopen the matter sua sponte.

Accordingly, we grant the Government's motion for summary action and will deny the petition for review in part and dismiss it in part.  We also deny Wood's motion for a stay of removal.  See generally In re Revel AC, Inc., -- F.3d ---, C.A. No. 15-1253, 2015 WL 5711358, at *11 (3d Cir. Sept. 30, 2015).

---

[2] Indeed, we note that Wood raised a similar argument to the one he raises now in his initial appeal to the BIA, where he argued that IIRIRA should not apply to him because he had pleaded guilty before the statute's enactment.  Wood also presents a complicated argument based on Judulang v. Holder, 132 S. Ct. 476 (2011), in which the Supreme Court concluded that the BIA's use of the comparable-grounds rule to assess eligibility for relief under § 212(c) was arbitrary and capricious.  Id. at 484.  Insofar as the BIA did not employ the comparable-grounds rule in Wood's case, Judulang's relevance is not immediately apparent, but in any event, because Wood did not present this claim to the BIA in the first instance, we lack jurisdiction to consider it.  See Castro v. Att'y Gen., 671 F.3d 356, 365 (3d Cir. 2012).